IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| SPHERATURE INVESTMENTS LLC, | § | Case No. 20-42492 |
| *et al.*, | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| SPHERATURE INVESTMENTS, LLC, | § | Adversary No. 21-04059 |
| *et al.* d/b/a WORLDVENTURES | § | |
| HOLDINGS, LLC, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | |
| SEACRET DIRECT LLC, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45 (made applicable by Rules 9016 and 9014 of the Federal Rules of Bankruptcy Procedure), Seacret Direct LLC ("Seacret") hereby provides notice that, through its counsel of record, will cause the attached subpoena to be served upon Wayne Nugent.

---

[1] The "Debtors" and the "Plaintiffs" in the above-captioned cases are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WVMarketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WVMarketing") EIN#3255; WorldVentures Services, LLC ("WVServices") EIN#2220.

**DATED: April 20, 2021.**

Respectfully submitted,

By: __/s/ Annmarie Chiarello__
Phillip Lamberson
Texas Bar No. 0079413
plamberson@winstead.com
Stephen R. Clarke
Texas Bar No. 24069517
sclarke@winstead.com
Annmarie Chiarello
Texas Bar No. 24097496
achiarello@winstead.com
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)

**ATTORNEYS FOR
SEACRET DIRECT LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, notice of this document was electronically mailed to the parties registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

__/s/ Annmarie Chiarello__
One of Counsel

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

__Eastern__ District of __Texas__

In re __Spherature Investments LLC__
Debtor

Case No. __20-42492__

*(Complete if issued in an adversary proceeding)*

Spherature Investments LLC
Plaintiff

Chapter __11__

v.

Seacret Direct LLC
Defendant

Adv. Proc. No. __21-4059__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Wayne Nugent__

*(Name of person to whom the subpoena is directed)*

[X] **Production**: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See attached* **Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| Winstead PC. 500 Winstead Building, 2728 N. Harwood Street, Dallas, Texas 75201 | *May 3, 2021, at 1 PM (CST) or as otherwise agreed by the parties.* |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/20/2021

CLERK OF COURT

OR  */s/ [signature]*

_____           _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Seacret Direct LLC__, who issues or requests this subpoena, are:

Phillip Lamberson, 500 Winstead Building, 2728 N. Harwood Street, Dallas, Texas 75201

813-9491-2742v.1 65392-1 4/20/2021

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
☐ *(date)* _____.

    I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

813-9491-2742v.1 65392-1 4/20/2021

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit "A"

### DEFINITIONS AND INSTRUCTIONS

The following Definitions are used in all portions of this document:

1. "CMA" shall mean the Co-Marketing Agreement dated July 22, 2020 and attached to the Complaint as Exhibit 5

2. "Complaint" shall mean the Amended Complaint and Request for Preliminary Injunction filed on April 14, 2021.

3. "Debtors" shall mean Spherature Investments, LLC, Rovia, LLC, WorldVentures Marketing Holdings, LLC, WorldVentures Marketplace, LLC, WorldVentures Marketing, LLC, and WorldVentures Services, LLC.

4. "Document" or "Documents" shall mean the original and any copy of any writing (whether handwritten, typed, printed or otherwise made) and anything bearing or containing writing, impressions or a magnetic field, including, without limitation, any drawings, graph, chart, photograph, phono-record, or electronic or mechanical matter (including microfilm of any kind or nature, tape or recordings), or any other data, compilations from which information can be obtained (translated, if necessary) by you through detection devices into reasonable usable form, and further includes, without limitation, all pamphlets, periodicals, correspondence, transcripts (including transcripts of hearings, depositions and examinations), telegrams, teletypes, agreements, studies, reports, records, recordings (including recordings of telephone or video calls), price lists, quotations, memoranda, minutes journal entries, telephone call slips, desk pads or diaries, calendar notes, books, accounts, ledgers, invoices, newspaper clippings, financial statements, budgets and any and all other writings or papers of any kind, including drafts, copies or reproductions of any of the foregoing, and information stored in computers or

other data, storage or processing equipment to the extent that the same are or were in your possession, custody or control or any of your employees, or agents.

5. "LOI" shall mean that certain letter sent by Izhak Ben Shabat as Chief Executive Officer of Seacret dated November 10, 2020 and attached to the Complaint as Exhibit 6.

6. "LSA" shall mean the Limited Solicitation Agreement dated November, 2020 and attached to the Complaint as Exhibit 7.

7. "Nugent" shall mean Wayne Nugent.

8. "Persons" or similar terms shall mean individuals, corporations, partnerships, trusts or any other type of entity or governmental units.

9. "Related to" and similar words means commenting on, referring to, pertinent to, discussing, concerning, stating, inferring, evidencing or supporting in any way.

10. "Seacret" shall mean Seacret Direct, LLC

11. Unless stated otherwise, the time frame for these requests is December 21, 2020 forward.

12. In this document, plural includes singular and singular includes plural. If the masculine form is used, it is also intended to mean feminine and vice versa.

13. If you refuse to answer any request, in whole or in part, on the basis of a claim of privilege/exemption, state the following:

      (a)    the nature of the privilege/exemption claimed;

      (b)    the general nature of the matter withheld (e.g. substance of conversation, name of originator);

      (c)    names of all persons to whom the information was transmitted; and

      (d)    the extent, if any, to which the information will be provided subject to the privilege/exemption.

14.    The requests contained herein shall be deemed to be continuing, and supplementation pursuant to Federal Rule of Civil Procedure 26(e) is required within a reasonable time after learning new or more accurate information.

## DOCUMENTS REQUESTED

1. All documents related to ownership of each of the Debtors on July 22, 2020.

2. All documents related to ownership of each of the Debtors on November 11, 2020.

3. All documents related to the officers, managers or managing members of each of the Debtors on July 22, 2020.

4. All documents related to the officers, managers or managing members of each of the Debtors on November 11, 2020.

5. All documents related to what persons had authority to enter contracts on behalf of each of the Debtors on July 22, 2020.

6. All documents related to Nugent's authority to enter contracts on behalf of each of the Debtors on July 22, 2020

7. All documents related to what persons had authority to enter contracts on behalf of each of the Debtors on November 11, 2020.

8. All documents related to Nugent's authority to enter contracts on behalf of each of the Debtors on November 11, 2020.

9. All documents related to the negotiation of the CMA and the entity or entities for whom each person represented in connection with such negotiations.

10. All documents related to the negotiation of the LSA and the entity or entities for whom each person represented in connection with such negotiations.

11. All documents related to the negotiation of the LOI and the entity or entities for whom each person represented in connection with such negotiations.