# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re § | | Chapter 11 |
| § | | |
| SPHERATURE INVESTMENTS LLC, § | | Case No. 20-42492 |
| *et al.*,[1] § | | |
| § | | Jointly Administered |
| Debtors. § | | |
| | | |
| SPHERATURE INVESTMENTS, LLC, § | | Adversary No. 21-04059 |
| *et al.* d/b/a WORLDVENTURES § | | |
| HOLDINGS, LLC, § | | |
| § | | |
| Plaintiffs § | | |
| § | | |
| vs. § | | |
| § | | |
| SEACRET DIRECT LLC, § | | |
| § | | |
| Defendant. § | | |

## NOTICE OF SERVICE OF DISCOVERY

**PLEASE TAKE NOTICE** that on August 30, 2021, Seacret Direct LLC served the attached Subpoena upon Wayne Nugent through counsel.

**DATED: August 30, 2021.**

                    Respectfully submitted,

                  By:    */s/ Annmarie Chiarello*
                      Phillip Lamberson
                      Texas Bar No. 0079413
                      plamberson@winstead.com
                      Stephen R. Clarke
                      Texas Bar No. 24069517
                      sclarke@winstead.com

---

[1] The "Debtors" and the "Plaintiffs" in the above-captioned cases are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN#2220.

---

Annmarie Chiarello
Texas Bar No. 24097496
achiarello@winstead.com
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)

**ATTORNEYS FOR
SEACRET DIRECT LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on August 30, 2021, notice of this document was electronically mailed to the parties registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

*/s/ Annmarie Chiarello*
One of Counsel

# UNITED STATES BANKRUPTCY COURT

___Eastern___ District of ___Texas, Sherman Division___

In re ___SPHERATURE INVESTMENTS LLC, et al.,___
                          Debtor

*(Complete if issued in an adversary proceeding)*

SPHERATURE INVESTMENTS, LLC, et al. d/b/a WORLDVENTURES HOLDINGS, LLC,
                          Plaintiff
                          v.
SEACRET DIRECT LLC
                          Defendant

Case No. ___20-42492___

Chapter ___11___

Adv. Proc. No. ___21-04059___

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___Wayne Nugent c/o Norton Rose Fulbright US LLP 2200 Ross Avenue Suite 3600 Dallas, Texas 75201-7932___
                          *(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Norton Rose Fulbright US LLP- 2200 Ross Avenue, Suite 360, Dallas, Texas 75201-7932 | September 17, 2021 at 1:00 PM (CST) |

The deposition will be recorded by this method: via Court Reporter, as further described by the attached.

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___08/30/2021___

CLERK OF COURT

                                   OR

_____          ___/s/ Phillip Lamberson___
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___Seacret Direct, LLC___, who issues or requests this subpoena, are:
Phillip Lamberson WINSTEAD PC 500 Winstead Building 2728 N. Harwood Street Dallas, Texas 75201

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re § | § | Chapter 11 |
| SPHERATURE INVESTMENTS LLC, et al.,[1] § | § § § | Case No. 20-42492 |
| Debtors. § | § | Jointly Administered |
| SPHERATURE INVESTMENTS, LLC, et al. d/b/a WORLDVENTURES HOLDINGS, LLC, § § § | § § § | Adversary No. 21-04059 |
| Plaintiffs § | § | |
| vs. § | § | |
| SEACRET DIRECT LLC, § § | § § | |
| Defendant. § | § | |

### AMENDED NOTICE OF DEPOSITION OF WAYNE NUGENT

To:  Wayne Nugent, through his attorneys of record, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600 Dallas, Texas 75201-7932.

**PLEASE TAKE NOTICE** Seacret Direct LLC intends to take the oral deposition of Wayne Nugent the deposition will at Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600 Dallas, Texas 75201-7932 on **September 17, 2021 at 1:00 p.m. (Prevailing Central Time),** before a certified court reporter, or such other date and time or process as agreed by the parties. The testimony will be recorded by audio, audiovisual, or stenographic means and will be taken by a court reporter duly authorized by law to administer oaths and take depositions. The deposition will continue thereafter as necessary until completed.

---

[1] The "Debtors" and the "Plaintiffs" in the above-captioned cases are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WVMarketing Holdings") EIN#3846; WorldVentures Marketplace, LLC (" WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WVMarketing") EIN#3255; WorldVentures Services, LLC ("WVServices") EIN#2220.

**AMENDED DEPOSITION NOTICE-** **PAGE 1**

**DATED: August 27, 2021.**

Respectfully submitted,

By: /s/ *Annmarie Chiarello*
Phillip Lamberson
Texas Bar No. 0079413
plamberson@winstead.com
Stephen R. Clarke
Texas Bar No. 24069517
sclarke@winstead.com
Annmarie Chiarello
Texas Bar No. 24097496
achiarello@winstead.com

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)

**ATTORNEYS FOR SEACRET DIRECT LLC**

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, notice of this document was electronically mailed to the parties listed below.

Wayne Nugent
c/o Norton Rose Fulbright US LLP
ryan.manns@nortonrosefulbright.com

Spherature Investments LLC *et al.*
c/o Foley & Lardner LLP
Attn: Steven C. Lockhart
slockhart@gardere.com

Spherature Investments LLC *et al.*
c/o McDermott Will & Emery LLP
Attn: Marcus Helt
mhelt@mwe.com

*/s/ Annmarie Chiarello*
One of Counsel